[825 NE2d 585, 792 NYS2d 370]

In the Matter of JEREMY W. ALDERSON, Respondent, v NEW YORK STATE COLLEGE OF AGRICULTURE AND LIFE SCIENCES AT CORNELL UNIVERSITY et al., Appellants.

Argued January 11, 2005; decided February 17, 2005

**POINTS OF COUNSEL**

*James J. Mingle,* Ithaca, *Nelson E. Roth, Michael G. Kimberly* and *Patricia A. McClary* for appellants. I. This Court's prior decision in *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.* (94 NY2d 162 [1999]) compels reversal of the lower courts' rulings. II. The decision in *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.* (94

NY2d 162 [1999]) should be clarified to require clear legislative intent. (*Kimel v Florida Bd. of Regents,* 528 US 62; *Lugo v Scenic Hudson,* 258 AD2d 626; *Matter of Knight-Ridder Broadcasting v Greenberg,* 70 NY2d 151.)

*LoPinto, Schlather, Solomon & Salk,* Ithaca (*Diane L. Campbell* of counsel), for respondent. I. Both the trial court and the Appellate Division properly applied *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.* (94 NY2d 162 [1999]). (*Matter of Citizens for Alternatives to Animal Labs v Board of Trustees of State Univ. of N.Y.,* 92 NY2d 357; *Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 84 NY2d 488.) II. The statutory colleges may be construed as agencies pursuant to the Freedom of Information Law. (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 84 NY2d 488; *Matter of Mohawk Book Co. v State Univ. of N.Y.,* 288 AD2d 574; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,* 87 NY2d 410; *Matter of Fink v Lefkowitz,* 47 NY2d 567; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562.) III. The documents requested are disclosable pursuant to the Freedom of Information Law. (*Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,* 87 NY2d 410; *Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690; *Matter of Mohawk Book Co. v State Univ. of N.Y.,* 288 AD2d 574; *Lugo v Scenic Hudson,* 258 AD2d 626; *Matter of Knight-Ridder Broadcasting v Greenberg,* 70 NY2d 151.)

### OPINION OF THE COURT

GRAFFEO, J.

Since the 19th century, the State of New York and Cornell University, a private educational institution, have had a unique partnership relating to the provision of higher educational services in the state. Under the Education Law, the University manages four "statutory colleges" that are supported, in part, by public funds. Cornell has significant autonomy over academic activities at the colleges but is accountable to the trustees of the State University of New York (SUNY) and other state agencies for the manner in which public funds are expended.

In *Matter of Stoll v New York State Coll. of Veterinary Medicine at Cornell Univ.* (94 NY2d 162 [1999]), we addressed whether Cornell University, as administrator and manager of the statutory colleges, was a state agency subject to the Freedom of Information Law (FOIL) (Public Officers Law art 6). We began with the proposition that Cornell University is a private

educational institution not ordinarily subject to FOIL. That said, we recognized that there were "public aspects" of Cornell's role as steward of the statutory colleges implicating the open government policies underlying FOIL. Noting that the Legislature had vested Cornell University with substantial private discretion over the colleges that placed many of its actions beyond state control, we determined that there remained "public aspects" of Cornell's management function that could, in some circumstances, render Cornell the equivalent of a state agency for purposes of FOIL.

We therefore reviewed the nature of the FOIL request, concluding that where documents requested relate to subject matter over which Cornell exercises statutory authority or control, Cornell is operating in its private capacity and is not mandated to disclose the requested materials. Thus, in *Stoll*, we held that Cornell was not required to comply with a FOIL request seeking complaints filed under the Cornell University Campus Code of Conduct because the University retained authority, by statute, over disciplinary matters at the statutory colleges. Put another way, because Cornell is responsible for discipline at the statutory colleges, the Court concluded that it was not a state agency subject to FOIL.

In this case, we must again determine whether Cornell University must comply with a FOIL request relating to its management of the statutory colleges. The courts below held that Cornell was a state agency for purposes of an inquiry seeking research and financial documents relating to its management of the New York State College of Agriculture and Life Sciences and the New York State Agricultural Experiment Station. While we agree that some of the document requests appear to relate to Cornell's receipt of public monies implicating "public aspects" of its management function subject to FOIL, we conclude that others—those involving prospective and ongoing research projects and activities—intruded into matters over which Cornell exercises statutory autonomy in its private capacity.

## I.

Petitioner Jeremy W. Alderson hosts a talk radio program in Geneva, New York, that addresses political issues of local, regional and national interest. Respondent Cornell University is a private educational institution that operates respondents New York State College of Agriculture and Life Sciences (CALS) and

New York State Agricultural Experiment Station, a research institution affiliated with CALS, under the supervision of the trustees of the State University of New York (*see* Education Law §§ 5712, 5713).[1]

In June and July 2000, petitioner submitted FOIL requests for documents relating to research activities and financial matters involving the Agricultural Experiment Station and a proposed Agricultural Technology Park to be built adjacent thereto.[2] Without differentiating among the types of documents requested, Cornell declined to provide any of the items sought on the ground that it was not a state agency subject to FOIL, relying on *Stoll.*

Petitioner then commenced this proceeding against CALS, the Station and Cornell, seeking a declaration that they were required to respond to the FOIL requests. On behalf of all three, Cornell moved to dismiss, submitting affidavits from the Associate Director for Research at CALS and the Director of the Office of Sponsored Programs at Cornell University describing the nature of the educational partnership between New York State and Cornell as established in the Education Law. In particular, Cornell noted that it had complete autonomy over research work at CALS and the Station as authorized by Education Law §§ 5712 and 5713 and that the State did not participate in the selection, approval or oversight of research projects at respondent institutions.

Supreme Court denied the motion to dismiss and, after further proceedings, ultimately held that Cornell was required to respond to the FOIL requests because the Agricultural Experiment Station was a state agency in that it had been created to fulfill a "public purpose"—agricultural research. The Appellate Division affirmed and, after an in camera inspection of more

---

1. The University is composed of 18 academic units, four of which are "[s]tatutory or contract colleges" as defined in Education Law § 350 (3), meaning they are "[c]olleges furnishing higher education, operated by independent institutions on behalf of the state pursuant to statute or contractual agreements." In addition to CALS, Cornell manages the New York State College of Veterinary Medicine, the New York State College of Human Ecology, and the New York State School of Industrial and Labor Relations (*see* Education Law §§ 5711, 5714, 5715).

2. In the petition filed in December 2000, petitioner alleged that Cornell was considering the development of an Agricultural Technology Park and surmised that creation of the park would require action by the Legislature and the expenditure of public funds. The record does not indicate the present status of the Agricultural Technology Park.

than 100 documents on remittal,[3] Supreme Court issued a judgment directing Cornell to turn over most of the requested documents, although some were deemed protected from disclosure under specific FOIL exemptions, such as the trade secret exception (*see* Public Officers Law § 87 [2] [d]).

Cornell appeals from Supreme Court's judgment bringing up for review the Appellate Division decision holding that Cornell is a state agency subject to FOIL with respect to each of petitioner's document demands.

## II.

"The Legislature enacted FOIL to provide the public with a means of access to governmental records in order to encourage public awareness and understanding of and participation in government and to discourage official secrecy" (*Matter of Newsday, Inc. v Sise*, 71 NY2d 146, 150 [1987], *cert denied* 486 US 1056 [1988]). The statute mandates disclosure of public records by state agencies, defined as "any state or municipal department . . . or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature" (Public Officers Law § 86 [3]). "Each agency shall . . . make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that" fall within one of the enumerated exemptions (Public Officers Law § 87 [2]). Where documents are held by a state agency, they are subject to FOIL regardless of the purpose for which they are generated (*see Matter of Citizens for Alternatives to Animal Labs, Inc. v Board of Trustees of State Univ. of N.Y.*, 92 NY2d 357, 361 [1998]).

Ordinarily, the question whether a record-holder is a state agency is relatively straightforward. For example, we have held that SUNY, a public university, is a state agency subject to FOIL, as are the county community colleges (*see Matter of Encore Coll. Bookstores, Inc. v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410, 417 [1995]; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690 [1993]). However, we recognized in *Stoll* that the Cornell statutory colleges are a blend of specified private and governmental activities that may not be categorically deemed agencies of the State under FOIL

---

**3.** The specific documents have not been made part of the record on appeal to this Court.

because the Legislature has vested many aspects of their administration to the discretion of a private university. At the same time, the SUNY Trustees and other state agencies have authority to oversee financial issues relating to the expenditure of public funds.

Due to the unique, sui generis nature of the statutory colleges and the blend of public/private activities undertaken by Cornell as it carries out its educational mission, we concluded in *Stoll* that it was necessary to depart from the general rule that the function to which a document relates is irrelevant under FOIL. We therefore held that the activity underlying the FOIL request is significant in deciding whether Cornell may be deemed a state agency required to disclose documents relating to the statutory colleges. Because the relationship between the State and Cornell is governed by statute, courts must look to the legislative scheme to determine whether the subject matter of the FOIL request involves private matters beyond the reach of the statute or the more public aspects of the statutory colleges which could be subject to FOIL.

The FOIL request at issue in *Stoll* was submitted by the attorney of a Cornell University professor who had been disciplined by the University for having sexually harassed several female students. Petitioner sought copies of any complaints filed under the University's Campus Code of Conduct by or against any professor, administrator or student at any of the statutory colleges. All four statutory colleges were named in the request, including CALS, one of the institutions at issue in this case. To resolve whether the documents were subject to FOIL, this Court focused on the activity to which the documents related—the maintenance of discipline at the statutory colleges. The Court then reviewed the statutes defining the State's relationship with Cornell to determine whether the activity involved a private function committed to Cornell's discretion or a public matter over which the State had retained some authority or control. Noting that the Legislature had expressly granted Cornell "discretion over the 'maintenance of discipline' at the four statutory colleges (*see*, Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [6])" (*Stoll*, 94 NY2d at 167), the Court concluded that the disciplinary records sought related to private matters not subject to disclosure under FOIL.

It is evident from our decision in *Stoll* that the issue is not, as petitioner suggests, whether the Agricultural Experiment Station or the proposed Agricultural Technology Park are intended

to fulfill a public purpose. If it were, we would have held that the disciplinary records requested in *Stoll* were subject to FOIL, since the statutory colleges named in that case (including CALS) also fulfill significant public purposes. Rather, the proper inquiry is whether the documents requested under FOIL relate to an activity over which Cornell, as manager of the statutory colleges, exercises autonomy and control.

Here, petitioner sought documents or correspondence relating to tenants of the proposed Agricultural Technology Park, current field research tests of genetically modified organism crops being conducted at the Agricultural Experiment Station, compliance by the University with federal research safety protocols for biotechnology (particularly field-testing of genetically modified organisms), and financial reports or records showing the source of all monies received by the Agricultural Experiment Station and its financial status. The document requests therefore fall into two categories: those pertaining to research and other academic activities at the Agricultural Experiment Station and proposed Agricultural Technology Park, and those involving financial records and expenditures or sources of funding.

As to the first category, the courts below erred in concluding the documents were subject to FOIL. Education Law § 5712, the enabling legislation for CALS, provides that Cornell University "shall . . . administer the said college of agriculture and life sciences as to the establishment of courses of study, the creation of departments and positions, the determination of the number and salaries of members of the faculty and other employees thereof, the appointment and employment thereof, the maintenance of discipline and as to all other matters pertaining to its educational policies, activities and operations, including research work." (Education Law § 5712 [2].) The statute authorizing the Agricultural Experiment Station, a unit of CALS, similarly denotes that the "station shall be managed, controlled and administered by Cornell university . . . in the manner and with the powers provided by [Education Law § 5712]" (Education Law § 5713 [1]).

Consistent with these statutory directives, Cornell's submissions indicate that the University in fact exercises complete autonomy and control over research and academic activities at the statutory colleges, including CALS and the Agricultural Experiment Station. Neither the SUNY trustees nor any other state agency participate in decisions relating to prospective or ongoing research pursuits. Because Cornell is vested by statute

with broad authority over all "matters pertaining to . . . educational policies, activities and operations, including research work" at CALS and the Agricultural Experiment Station, documents relating to those activities involve a private function and are therefore not subject to FOIL.

■ With respect to petitioner's request for financial and funding documents, however, we reject Cornell's argument that it is categorically exempt from FOIL compliance. As we observed in *Stoll*, Cornell is subject to certain financial reporting requirements to allow state officials to track the expenditure of state funds. Of particular relevance, Education Law § 5712 (4) requires that Cornell submit an annual statement detailing the expenditure of public funds for the operation of CALS.[4] The Legislature did not cede complete control of financial issues to the discretion of Cornell, but has maintained the right to oversee Cornell's use of public funding in the management of the statutory colleges. To the extent that Cornell is accountable for the expenditure of public funds, it is performing a public function. Documents relating to this activity are subject to FOIL.

Due to the limited nature of respondents' appeal and the fact that the documents submitted for in camera review are not part of the record before this Court, we are unable to determine which of the produced documents relate to proposed and ongoing research activities, thereby falling within Cornell's private management sphere and outside the scope of FOIL, and which are financial documents relating to the expenditure of public funds, thereby implicating the "public aspects" of its administration of the statutory colleges.[5] We therefore remit this matter to Supreme Court for review of the documents it ordered

---

4. The Legislature has cabined the manner in which some public funds are spent, directing, for example, that Cornell expend federal funds provided for agricultural research in a specific proportion, with nine tenths applied for the use of CALS and one tenth for the use of the Agricultural Experiment Station (*see* Education Law § 5713 [4]).

5. After its unsuccessful appeal to the Appellate Division, Cornell produced 134 documents for in camera review and Supreme Court applied the FOIL exemptions and issued a judgment directing respondent to turn over particular documents. Petitioner did not appeal from the judgment of Supreme Court and Cornell's appeal in this Court is limited to challenging the Appellate Division's categorical determination that it is a state agency subject to FOIL for purposes of each of petitioner's document requests (*see* CPLR 5602 [a] [1] [ii]). In other words, although Cornell contended that the documents relating to its research activities were not subject to FOIL (a point with which we agree), neither party has challenged Supreme Court's application of the FOIL exemptions. Thus, we have no occasion to address it.

respondents to disclose to determine which, if any, relate to the University's public accounting function such that they are subject to FOIL.

Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be modified, without costs, and this matter remitted to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Judgment appealed from and order of the Appellate Division brought up for review modified, etc.