[842 NE2d 466, 808 NYS2d 568]

In the Matter of BEECHWOOD RESTORATIVE CARE CENTER et al., Appellants, v JOHN SIGNOR, as Records Access Appeals Officer of New York State Department of Health, et al., Respondents.

Argued September 13, 2005; decided October 25, 2005

## POINTS OF COUNSEL

*McConville, Considine, Cooman & Morin, P.C.,* Rochester (*Kevin S. Cooman, Jason S. DiPonzio* and *Peter J. Weishaar* of counsel), for appellants. I. Beechwood Restorative Care Center met the Freedom of Information Law's three criteria for an award of attorney's fees, and the courts below improperly denied Beechwood's request for fees. (*Matter of Powhida v City of Albany,* 147 AD2d 236; *Matter of Banchs v Coughlin,* 168 AD2d 711; *Village of Brockport v Calandra,* 191 Misc 2d 718, 305 AD2d 1030; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75; *Matter of Gould v New York City Police Dept.,* 89 NY2d 267; *Matter of John P. v Whalen,* 54 NY2d 89; *Matter of City of Newark v Law Dept. of City of N.Y.,* 305 AD2d 28; *Mitchum v Foster,* 407 US 225; *Monroe v Pape,* 365 US 167; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562.) II. Attorney's fees should be available under the Equal Access to Justice Act to a Freedom of Information Law petitioner. (*Matter of Thomas v Coughlin,* 194 AD2d 281; *Birkland v Rotary Plaza, Inc.,* 643 F Supp 223; *Crooker v E.P.A.,* 763 F2d 16; *Matter of Sutherland v Glennon,* 256 AD2d 984; *Matter of Mitchell v Bane,* 218 AD2d 537, 88 NY2d 1003; *Matter of Cross-Sound Ferry Servs.,* 219 AD2d 346;

*Matter of Leeds v Burns,* 205 AD2d 540, 84 NY2d 811; *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86; *Matter of New York State Clinical Lab. Assn. v Kaladjian,* 85 NY2d 346; *Pierce v Underwood,* 487 US 552.)

*Eliot Spitzer, Attorney General,* Albany (*Frank K. Walsh, Caitlin J. Halligan, Daniel Smirlock* and *Andrea Oser* of counsel), for respondents. I. There is no basis for disturbing the lower courts' discretionary determination to deny petitioners' request for attorney's fees under the Freedom of Information Law. (*Matter of Wurster v LeFevre,* 152 AD2d 810; *Matter of Niagara Envtl. Action v City of Niagara Falls,* 100 AD2d 742, 63 NY2d 651; *Matter of Todd v Craig,* 266 AD2d 626, 94 NY2d 760; *Matter of McAndrew v Board of Educ. for City School Dist. of City of Port Jervis,* 120 AD2d 591; *Holterman v Holterman,* 3 NY3d 1; *O'Brien v O'Brien,* 66 NY2d 576; *Dalton v Educational Testing Serv.,* 87 NY2d 384; *Humphrey v State of New York,* 60 NY2d 742; *Matter of Rothko,* 43 NY2d 305; *Matter of Grace v Chenango County,* 256 AD2d 890.) II. The lower courts correctly rejected petitioners' request for attorney's fees under the Equal Access to Justice Act on the ground that Public Officers Law § 89 (4) (c) is the sole vehicle for the recovery of attorney's fees under the Freedom of Information Law. (*Matter of John P. v Whalen,* 54 NY2d 89; *Matter of Branford House v Michetti,* 81 NY2d 681; *Sanders v Winship,* 57 NY2d 391; *Matter of Lower Manhattan Loft Tenants v New York City Loft Bd.,* 66 NY2d 298; *Delaware Midland Corp. v Incorporated Vil. of Westhampton Beach,* 79 Misc 2d 438, 48 AD2d 681, 39 NY2d 1029; *Alweis v Evans,* 69 NY2d 199; *Matter of Cross-Sound Ferry Servs. v Department of Transp.,* 219 AD2d 346; *Martin v City of Cohoes,* 37 NY2d 162; *Matter of New York, Lackawanna & W. R.R. Co.,* 98 NY 447; *Burke v Crosson,* 85 NY2d 10.)

*McNamee, Lochner, Titus & Williams, P.C.,* Albany (*Michael J. Grygiel* of counsel); *Jerome L. Wilson; Stephen Kimatian,* East Syracuse; *Bond, Schoeneck & King, LLP,* Syracuse (*S. Paul Battaglia* of counsel); *Sabin, Bermant & Gould LLP,* New York City (*Richard A. Bernstein* and *Neil M. Rosenhouse* of counsel); *David Tomlin; Anne B. Carroll; Eve B. Burton, Jonathan R. Donnellan; Kay Murray;* and *David E. McCraw* for New York Newspaper Publishers Association, Inc. and others, amici curiae. I. A de novo standard of review applies to the statutory construction issue raised on this appeal. (*J.C. v Regional School Dist. 10, Bd. of Educ.,* 278 F3d 119; *Doyle v Kamenkowitz,* 114

F3d 371; *Mautner v Hirsch,* 32 F3d 37; *Weingarten v Board of Trustees of N.Y. City Teachers' Retirement Sys.,* 98 NY2d 575; *Matter of Guido v New York State Teachers' Retirement Sys.,* 94 NY2d 64.) II. Section 89 (4) (c) of the Public Officers Law's dual purposes of encouraging agency compliance with the Freedom of Information Law and providing a remedy to citizens forced to litigate the unlawful withholding of records require an award of attorneys' fees as a matter of law on this appeal. (*Matter of Herald Co. v Feurstein,* 3 Misc 3d 885; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562; *Matter of Fink v Lefkowitz,* 47 NY2d 567; *Village of Brockport v Calandra,* 191 Misc 2d 718; *Matter of William J. Kline & Son v Fallows,* 124 Misc 2d 701; *Matter of Powhida v City of Albany,* 147 AD2d 236; *Matter of Friedland v Maloney,* 148 AD2d 814; *Matter of Cross-Sound Ferry Servs. v Department of Transp.,* 219 AD2d 346; *Miller v U.S. Dept. of State,* 779 F2d 1378; *Anderson v Secretary of Health & Human Servs.,* 80 F3d 1500.)

### OPINION OF THE COURT

Graffeo, J.

The main issue in this case is whether the courts below erred as a matter of law in denying attorneys' fees to petitioners under the Freedom of Information Law (Public Officers Law art 6). We are also asked whether the counsel fee provision in the New York State Equal Access to Justice Act (CPLR art 86) applies to these proceedings. We conclude that the courts below did not err in denying petitioners' request for counsel fees and hold that the Equal Access to Justice Act is not applicable to Freedom of Information Law proceedings.

Petitioner Beechwood Restorative Care Center is a general partnership that operated a skilled nursing facility in the Rochester area for many years. In June 1999, respondent New York State Department of Health (DOH) commenced a license revocation proceeding against Beechwood based on allegations of substandard care of its residents. A hearing was held before an administrative law judge (ALJ), who sustained DOH's allegations involving a number of residents and determined that Beechwood had committed serious violations of multiple regulations, resulting in a pattern of inadequate care. Upon the Commissioner's adoption of the ALJ's recommendation, in December 1999 DOH revoked Beechwood's operating certificate, closed the facility and imposed a $54,000 civil penalty.

Between August 1999 and January 2001, Beechwood submitted 17 separate Freedom of Information Law (FOIL) requests to

DOH seeking documents pertaining to DOH procedures in general and Beechwood's license revocation in particular. Each of the requests contained numerous itemized demands. In response, DOH produced hundreds of pages of documents, largely relating to five of the requests.

Beechwood and petitioner Brook Chambery, a general partner of Beechwood (collectively Beechwood), commenced this CPLR article 78 proceeding in April 2001 alleging that DOH had failed to respond to 12 of their FOIL requests (containing 78 itemized demands) and seeking attorneys' fees under both FOIL and the New York State Equal Access to Justice Act (EAJA). Before Supreme Court issued its ruling, DOH delivered over 350 pages of additional records to Beechwood and thereafter claimed that the proceeding was moot.

In its first of a succession of orders, Supreme Court held that the proceeding was not moot and directed DOH to provide affidavits by responsible individuals articulating the diligent search efforts undertaken by the Department to locate documents responsive to the FOIL requests and certifying whether the remaining requested records existed. For documents found to exist, the court ordered DOH either to produce them or indicate the reasons they should be exempt from disclosure under FOIL. As a result of this directive, DOH produced the affidavits of three employees explaining their efforts and asserted various exemptions for 90 pages of documents, which were submitted to the court for in camera review.

Supreme Court upheld all of the exemptions claimed by DOH but ordered the Department to further probe for records responsive to 48 demands, concluding that Beechwood had "rebutted [DOH's] certification that a diligent search has been conducted and all responsive documents have been located." Subsequently, DOH filed three additional affidavits that identified close to 400 pages of documents pertaining to 17 of the 48 items sought by Beechwood. The affidavits explained that DOH employees could not locate records in connection with the outstanding 31 requests.

Beechwood then moved to compel DOH to provide further affidavits relating to the procedures it had instigated to locate the requested documents. DOH replied with affidavits from 20 employees from various bureaus, divisions and offices of DOH, who had searched their files and discovered 74 pages of additional documents. Supreme Court directed DOH to search for records

pertaining to one final item, which was eventually discovered. After the completion of production of records, Beechwood moved for attorneys' fees premised on both the FOIL and EAJA statutes.

Supreme Court denied Beechwood's application for counsel fees, concluding that Beechwood had failed to meet its burden of establishing that the particular records disclosed were clearly of significant interest to the general public, a prerequisite to recovery of attorneys' fees under FOIL. The court also indicated that it would have denied the request in the exercise of its discretion even if Beechwood had satisfied all of the FOIL counsel fee requirements. Finally, the court denied the fee request under the EAJA, finding that provision inapplicable to FOIL cases.

The Appellate Division affirmed. The Court agreed that Beechwood did not establish that the records obtained were of significant interest to the general public, observing that Beechwood sought to use the documentation in its federal litigation against DOH employees. The Court further determined that Beechwood had failed to show that DOH lacked a reasonable basis for withholding the records. Assuming for the sake of argument that Beechwood had met the FOIL standard, the Court held that Supreme Court did not abuse its discretion in declining to award attorneys' fees based on the voluminous amount of records sought, the need for clarification of various items requested and the fact that Beechwood already possessed a number of documents it had requested. The Court also rejected Beechwood's argument that it could seek legal fees pursuant to the EAJA. We granted Beechwood leave to appeal and now affirm the denial of its request for counsel fees.

"The Legislature enacted FOIL to provide the public with a means of access to governmental records in order to encourage public awareness and understanding of and participation in government and to discourage official secrecy" (*Matter of Alderson v New York State Coll. of Agric. & Life Sciences at Cornell Univ.*, 4 NY3d 225, 230 [2005] [internal quotation marks and citation omitted]). An agency's records "are presumptively open to public inspection, without regard to need or purpose of the applicant" (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488, 492 [1994]). When faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not

be located after a diligent search (*see* Public Officers Law § 87 [2]; § 89 [3]; *Matter of Corvetti v Town of Lake Pleasant*, 239 AD2d 841, 843 [3d Dept 1997]).

Although DOH acknowledged receipt of the 12 FOIL requests and indicated that it would take approximately 30 to 60 days to process each request and determine the availability of responsive documents, DOH initially supplied documents in connection with only three of them. DOH's failure to follow FOIL's requirements necessitated this lawsuit, a result that could have been avoided had DOH discharged its statutorily-mandated disclosure obligations in a more thorough and timely fashion. DOH's delay in conducting a comprehensive search for the requested records triggered the question whether Beechwood could recover attorneys' fees expended in this litigation.

Pursuant to FOIL's fee-shifting provision, a court may award reasonable counsel fees and litigation costs to a party that "substantially prevailed" in the proceeding if the court finds that (1) "the record involved was, in fact, of clearly significant interest to the general public," and (2) "the agency lacked a reasonable basis in law for withholding the record" (Public Officers Law § 89 [4] [c]). Only after a court finds that the statutory prerequisites have been satisfied may it exercise its discretion to award or decline attorneys' fees. Where, as here, a court determines that one of the requirements has not been met, we review whether the court erred as a matter of law in reaching that conclusion (*see Matter of Niagara Envtl. Action v City of Niagara Falls*, 63 NY2d 651, 652 [1984]).

Beechwood's principal argument on appeal is that Supreme Court and the Appellate Division erroneously concluded that the general public did not clearly have a significant interest in the records it obtained. Specifically, Beechwood relies on the broad assertion that closure of the facility was significant to the public and, as such, documents relating to that closure meet the statutory test.

The specific language of the statute, however, emphasizes that the records themselves must be of significant interest to the public, not just the event to which they relate (*see* Public Officers Law § 89 [4] [c] [i]). The legislative history underlying this provision further demonstrates that it is not enough that the records be of potential or speculative interest to the public. Governor Hugh Carey vetoed a prior version of this legislation that contained a less stringent public interest test and, in his

approval of the current provision, noted that "the bill clarifies and tightens the public interest standard by requiring that the record be of 'clearly significant interest to the general public' and not just 'potentially' so" (Governor's Mem approving L 1982, ch 73, 1982 NY Legis Ann, at 47). Therefore, the public's interest in closure of the facility does not by itself establish that any records relating to DOH's actions are also of interest to society.

Among the hundreds of pages of responsive documents produced here were general agency records such as job descriptions of DOH employees and documents related to employee training, correspondence between DOH and various advocacy groups, portions of both the 1999 State Medicaid Plan and State Operations Manual, a listing of nursing home patient admissions and records from the federal Health Care Financing Agency (HCFA) regarding DOH's survey performance. More specific to Beechwood's license revocation proceeding, DOH also disclosed monitoring sheets and time sheets relating to DOH's on-site activities, documents pertaining to the process of transferring patients from Beechwood, a voucher for the services of an expert witness retained by DOH, a complaint report generated as a result of a patient's allegations, a statement of deficiencies, surveyor notes and worksheets relating to an incident of substandard care at Beechwood, other surveyor notes from monitoring visits in April and May 1999 and documentation regarding DOH's decision to charge Beechwood in an administrative enforcement action. Beechwood offered no reason why the general public would have a significant interest in any of these documents.

Under the circumstances, we agree with the determinations of the courts below that the records Beechwood obtained, which included general agency documents as well as closure-related records, are not "of clearly significant interest to the general public."[1] Inasmuch as the courts below did not err as a matter of law in reaching this conclusion, we have no reason to disturb their denial of counsel fees. Hence, even assuming Beechwood met the other FOIL requirements—it "substantially prevailed" and DOH did not have a reasonable basis for withholding the records—Beechwood's claim for attorneys' fees fails under FOIL.

---

1. Although we agree with Beechwood that the use of disclosed documents in litigation against the government does not automatically preclude a finding of public interest, neither does such use necessarily establish public interest.

Beechwood alternatively seeks counsel fees under New York's EAJA. Enacted in 1989, seven years after the adoption of FOIL's attorneys' fee provision, the EAJA authorizes "the recovery of counsel fees and other reasonable expenses in certain actions against the state" (CPLR 8600). As relevant here, CPLR 8601 (a) reads:

> "*except as otherwise specifically provided by statute*, a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (emphasis added).[2]

The introductory proviso of subdivision (a) demonstrates that the EAJA applies to actions against the State only where another statute does not specifically provide for counsel fees. Section 89 (4) (c) of the Public Officers Law is just such a statute—it contains a counsel fee provision applicable to FOIL proceedings against the government. Because FOIL is a statute that "otherwise specifically provide[s]" an attorneys' fee standard to be applied, Beechwood may not seek counsel fees pursuant to the EAJA.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed, with costs.

---

2. Similar to the FOIL standard, the EAJA only provides fees to "prevailing" parties where the government's actions were not justified. The statutes differ, however, in other critical respects. The EAJA does not include the public interest component that petitioners in FOIL proceedings must satisfy. Moreover, fees under the EAJA are mandatory if a party establishes that it has satisfied the elements; in contrast, fees under FOIL are discretionary even if the statute's prerequisites are met.