◼ In the Matter of LEGAL AID SOCIETY, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent. [962 NYS2d 773]—

Peters, P.J. Appeal from that part of a judgment of the Supreme Court (Connolly, J.), entered October 25, 2011 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioner's request for an award of counsel fees and costs.

In April 2010, petitioner made a request to the Division of Parole pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for documents regarding the Division's compliance with the Americans with Disabilities Act (*see* 42 USC § 12101 *et seq.*). The Division acknowledged the request and informed petitioner that a response would be forthcoming in approximately 20 days. However, the timely response promised was not received. In July 2010, petitioner inquired concerning the status of the request and, while the Division subsequently disclosed documents, they were not responsive to petitioner's inquiry. Petitioner reiterated its document request and followed up with the Division a number of times in the following months, but no further disclosures were made, thus prompting petitioner to file an administrative appeal in December 2010 specifically requesting that either

---

responsive documents be produced or that a certification be issued affirming that the Division did not have such records or that they could not be found after a diligent search (*see* Public Officers Law § 89 [3]). In February 2011, petitioner followed up on its administrative appeal and, when informed by the Division that it had no record of the appeal, petitioner resubmitted its appeal, the receipt of which the Division acknowledged later that month. When petitioner contacted the Division in March 2011, it was again informed that the Division had no record of the appeal. Petitioner, therefore, again resubmitted its appeal.

The Division again failed to respond to that administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding in July 2011 seeking an order directing respondent to respond to its FOIL request as well as counsel fees and costs pursuant to Public Officers Law § 89 (4) (c). Accompanying respondent's answer was an affirmation from counsel to the Board of Parole, who was previously counsel to the Division before its merger with the Department of Correctional Services (*see* L 2011, ch 62, § 1, part C, § 1, subpart A), wherein he stated that a diligent search had been conducted and no responsive documents had been identified. Finding the matter moot, Supreme Court dismissed the petition and, concluding that petitioner had not substantially prevailed in this proceeding, declined to award counsel fees and costs. Petitioner now appeals from so much of the judgment as denied its request for counsel fees and costs.

In response to a written request for a record, "an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (*Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d 435, 440-441 [2005]; *see* Public Officers Law § 89 [3] [a]; *Matter of Rattley v New York City Police Dept.*, 96 NY2d 873, 875 [2001]). Where, as here, "[an] agency fail[s] to respond to a [FOIL] request or appeal within the statutory time," the court may award counsel fees and other litigation costs to a litigant who "substantially prevail[s]" in a CPLR article 78 proceeding brought to review the constructive denial of the request (Public Officers Law § 89 [4] [c] [i], as amended by L 2006, ch 492, § 1; *see Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d 336, 338 [2011]).

By commencing this proceeding to force respondent to respond to its request, after a tortuous history, petitioner finally "received all the information that it requested and to which it was entitled in response to the underlying FOIL litigation, [and

thus] it may be said to have substantially prevailed within the meaning of Public Officers Law § 89 (4) (c)" (*Matter of New York State Defenders Assn. v New York State Police*, 87 AD3d 193, 196 [2011]). The statute provides certain permitted responses from an agency to a proper FOIL request (*see* Public Officers Law § 89 [3] [a]; *Matter of Beechwood Restorative Care Ctr. v Signor*, 5 NY3d at 440-441), and the counsel fee provision does not distinguish between these responses for purposes of assessing whether a person has substantially prevailed in a FOIL proceeding (*see* Public Officers Law § 89 [4] [c]). The fact that full compliance with the statute was finally achieved in the form of a certification that the requested record could not be found after a diligent search, as opposed to the production of responsive documents, does not preclude a petitioner from being found to have substantially prevailed, for the petitioner received the full and only response available pursuant to the statute under the circumstances. As we have emphasized, the counsel fee provision was added in recognition that persons seeking to force an agency to respond to a proper FOIL request "must engage in costly litigation," and the statute was recently amended "in order to 'create a clear deterrent to unreasonable delays and denials of access [and thereby] encourage every unit of government to make a good faith effort to comply with the requirements of FOIL' " (*Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d at 338, quoting Senate Introducer Mem in Support, Bill Jacket, L 2006, ch 492 at 5). Mindful of this goal, petitioner, who doggedly pursued its request for more than a year and never received a responsive reply to that request or its appeals prior to the commencement of this proceeding, has been subjected to the very kinds of "unreasonable delays and denials of access" which the counsel fee provision seeks to deter (*Matter of New York Civ. Liberties Union v City of Saratoga Springs*, 87 AD3d at 338 [internal quotation marks and citation omitted]). Under the circumstances, we find an award of counsel fees and costs to be warranted and remit the matter to Supreme Court to determine the reasonable amount thereof.

Lahtinen, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's request for counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.