Matter of Lebowitz v Suffolk County (2025 NY Slip Op 02205)

Matter of Lebowitz v Suffolk County

2025 NY Slip Op 02205

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-07059
 (Index No. 205926/22)

[*1]In the Matter of Yoel Lebowitz, appellant,
v
Suffolk County, et al., respondents.

Zev Goldstein, PLLC, New City, NY, for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of prohibition to prohibit the respondents from, among other things, enforcing a purported policy of suspending driver licenses pending prosecution without judicial discretion, and in the nature of mandamus to compel the filing of an omnibus motion, inter alia, to dismiss three traffic tickets issued to the petitioner and the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated June 13, 2023. The order and judgment, insofar as appealed from, granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied that branch of the petitioner's cross-motion which was to disqualify the respondents' counsel from simultaneously representing certain respondents, in effect, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
On April 5, 2022, a police officer issued three uniform traffic tickets charging the petitioner with violating certain provisions of the Vehicle and Traffic Law. Eventually, those tickets were withdrawn and three new uniform traffic tickets, along with the police officer's supporting depositions, were issued and served upon the petitioner (see generally People v Epakchi, 37 NY3d 39). The petitioner's counsel mailed an omnibus motion (hereinafter the omnibus motion) to the Suffolk County Traffic and Parking Violations Agency (hereinafter the SCTPVA), inter alia, to dismiss the reissued traffic tickets. By letter dated July 25, 2022, the SCTPVA acknowledged receipt of the omnibus motion, but advised the petitioner's counsel, among other things, that he was required to resubmit a notice of appearance and that the omnibus motion would be held in abeyance pending receipt of the notice of appearance. One month later, the SCTPVA advised the petitioner's counsel that the omnibus motion had been rejected due to the failure to file a notice of appearance.
Meanwhile, by letter dated June 3, 2022, the petitioner's counsel submitted a request to the SCTPVA pursuant to the Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL), requesting "all documents regarding this case, People v. Yoel Lebowitz" with respect to the reissued traffic tickets. The SCTPVA acknowledged receipt of the FOIL request and indicated the [*2]approximate amount of time that compliance would take. By letter dated July 13, 2022, the petitioner's counsel advised the SCTPVA that he was appealing, in effect, the constructive denial of his FOIL request. Following further communications, the SCTPVA provided the petitioner's counsel with 15 pages of documents responsive to his FOIL request. By email dated July 28, 2022, Jacqueline Caputi, an Assistant County Attorney, indicated that she had granted the petitioner's FOIL appeal to the extent that the requested documents had been provided and asked the petitioner's counsel to respond to her email and indicate whether the FOIL request had been satisfied. In response, the petitioner's counsel did not identify any outstanding requested documents and inquired only whether Caputi's determination was "final." Caputi thereafter indicated that the decision was final.
The petitioner commenced this proceeding pursuant to CPLR article 78 against the SCTPVA and Caputi, among others. The petition sought relief, inter alia, in the nature of prohibition to prohibit the respondents from, among other things, enforcing a purported policy of suspending driver licenses pending prosecution without judicial discretion, and in the nature of mandamus to compel the respondents to file the omnibus motion and to produce a certification regarding the requested documents and a document identified as a "Case History." The respondents moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The petitioner cross-moved, among other things, to disqualify the respondents' counsel from simultaneously representing Caputi, Kenneth Diamond, a judge of the SCTPVA, and Thomas Burns, a prosecutor of the SCTPVA, in this proceeding. In an order and judgment dated June 13, 2023, the Supreme Court granted the respondents' motion, denied that branch of the petitioner's cross-motion, in effect, denied the petition, and dismissed the proceeding. The petitioner appeals.
"To promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274; see Public Officers Law § 84). "When faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Beechwood Restorative Care Ctr., 5 NY3d 435, 440-441; see Public Officers Law §§ 87[2]; 89[3]). Here, the submissions on the petition and on the respondents' motion establish that the SCTPVA produced the requested documents and that the petitioner did not claim thereafter that the disclosure was incomplete. "[I]t is well settled that an argument may not be raised for the first time before the courts in an article 78 proceeding" (Matter of Peckham v Calogero, 12 NY3d 424, 430 [internal quotation marks omitted]; see Matter of Collado v Dugan, 177 AD3d 578, 579). Since the petitioner did not seek either a certification or a case history from the SCTPVA, he cannot compel their production for the first time in this CPLR article 78 proceeding.
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16). Similarly, because of its extraordinary nature, the remedy of prohibition is available "solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" (Matter of Schumer v Holtzman, 60 NY2d 46, 51 [citations omitted]; see Matter of Allen B. v Sproat, 23 NY3d 364, 375). Here, the petitioner failed to demonstrate a clear legal right to any of the relief sought.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, denied that branch of the petitioner's cross-motion which was to disqualify the respondents' counsel from simultaneously representing certain respondents, in effect, denied the petition, and dismissed the proceeding.
GENOVESI, J.P., BRATHWAITE NELSON, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court