Matter of Waldman v Suffolk County (2025 NY Slip Op 04999)

Matter of Waldman v Suffolk County

2025 NY Slip Op 04999

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-01370
 (Index No. 609956/23)

[*1]In the Matter of Tzvi Waldman, etc., appellant,
v
Suffolk County, et al., respondents.

Zev Goldstein, New City, NY (Cory Morris of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Lisa Azzato of counsel), for respondents

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated October 25, 2023. The order and judgment, insofar as appealed from, denied those branches of the petition/complaint which were to compel the immediate production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees and, in effect, dismissed those portions of the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In April 2023, the petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the respondents/defendants, Suffolk County, Suffolk County Police Department, Rodney Harrison, Jacqueline Caputi, and Janine Kehlegan (hereinafter collectively the respondents), to immediately produce certain records pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) and action for declaratory relief. The respondents answered the petition/complaint and asserted, among other things, that the petitioner's FOIL request had not been denied and that their response to the petitioner, which included a date the respondents set forth for producing the responsive documents, was appropriate given, inter alia, the voluminous nature of the request and that a significant number of the documents to be reviewed were maintained only in paper form, not in an electronic format.
In an order and judgment dated October 25, 2023, the Supreme Court, among other things, denied those branches of the petition/complaint which sought to compel the immediate production of the requested records pursuant to FOIL and an award of attorney's fees and, in effect, dismissed those portions of the proceeding/action. The petitioner appeals.
"To promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274, citing Public Officers Law § 84). Thus, "[w]hen faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific [*2]exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440, citing Public Officers Law §§ 87[2]; 89[3]). "'If an agency determines to grant a request in whole or in part, and if circumstances prevent disclosure to the person requesting the record or records within twenty business days from the date of the acknowledgment of the receipt of the request, the agency shall state, in writing, both the reason for the inability to grant the request within twenty business days and a date certain within a reasonable period, depending on the circumstances, when the request will be granted in whole or in part'" (Matter of Lepper v Village of Babylon, 190 AD3d 738, 742, quoting Public Officers Law § 89[3][a]).
Here, the Supreme Court properly denied those branches of the petition/complaint which sought to compel the immediate production of the requested records and an award of attorney's fees and, in effect, dismissed those portions of the proceeding/action. The respondents consented to produce records responsive to the petitioner's FOIL request, and their response adequately explained in detail the reasons for their inability to immediately provide the requested records and provided a reasonable timeline for the disclosure of such records. Under the circumstances presented in this case, the respondents met their obligations under FOIL (see Public Officers Law §§ 89[3][a]; [4][a]; Matter of Lepper v Village of Babylon, 190 AD3d at 742).
The parties' remaining contentions are either without merit or not properly before this Court.
Since the petitioner did not substantially prevail in the proceeding/action, the petitioner is not entitled to an award of attorney's fees and litigation costs (see Public Officers Law § 89[4][c][I]).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court