Matter of Beck v Suffolk County (2025 NY Slip Op 04988)

Matter of Beck v Suffolk County

2025 NY Slip Op 04988

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2024-02004
 (Index No. 205927/22)

[*1]In the Matter of Christen Beck, appellant,
v
Suffolk County, et al., respondents.

Zev Goldstein, New City, NY (Cory Morris of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Drew W. Schirmer of counsel), for respondents.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 18, 2024. The order and judgment, insofar as appealed from, granted those branches of the respondents/defendants' motion which were pursuant to CPLR 3211(a) to dismiss those branches of the petition/complaint which were to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6) and for an award of attorney's fees, and dismissed those portions of the proceeding/action.
ORDERED that the order and judgment is affirmed insofar as appealed from, with costs.
In November 2022, the petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to compel the respondent/defendant Suffolk County Traffic and Parking Violations Agency, among others, to produce certain records in response to a request she made pursuant to the Freedom of Information Law (FOIL) (Public Officers Law art 6) and action for declaratory relief. The respondents/defendants (hereinafter the respondents) moved, among other things, pursuant to CPLR 3211(a) to dismiss those branches of the petition/complaint which were to compel the production of the requested records pursuant to FOIL and for an award of attorney's fees. The petitioner opposed. In an order and judgment dated January 18, 2024, the Supreme Court, inter alia, granted those branches of the respondents' motion, and dismissed those portions of the proceeding/action. The petitioner appeals.
"To promote open government and public accountability, the FOIL imposes a broad duty on government to make its records available to the public" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274, citing Public Officers Law § 84). Thus, "[w]hen faced with a FOIL request, an agency must either disclose the record sought, deny the request and claim a specific exemption to disclosure, or certify that it does not possess the requested document and that it could not be located after a diligent search" (Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 440, citing Public Officers Law §§ 87[2]; 89[3]).
Public Officers Law § 89(3)(a), which provides that the agency "shall certify that it does not have possession of such record or that such record cannot be found after diligent search," is triggered "when, in lieu of granting a FOIL request, the agency finds that it either does not possess the item requested or is unable to locate it after a diligent search" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 232 [internal quotation marks omitted]].
Here, the respondents' disclosure of records in September 2022 was sufficient to satisfy their obligations under FOIL (see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875).
Contrary to the petitioner's contention, given the respondents' disclosure of the records to the petitioner, they were not required, absent a request by the petitioner, to provide certification that additional records responsive to the FOIL request did not exist or could not be located after a diligent search (see Lewis v Hynes, 208 AD2d 731, 731; Public Officers Law § 89[3][a]). The record does not contain any such request by the petitioner.
The petitioner's remaining contention is without merit.
As the petitioner did not substantially prevail in the proceeding/action, the petitioner is not entitled to an award of attorney's fees and litigation costs (see Public Officers Law § 89[4][c][i]).
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court