■ In the Matter of JOHN D. CHARLES, Respondent, v ROB-ERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants. [604 NYS2d 1013] —Casey, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered July 7, 1992 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to produce certain documents requested under the Freedom of Information Law.

Concerned that respondent Attorney-General might be providing unauthorized free legal services to public employees by filing counterclaims for money damages on the employees' behalf in actions against them in which the Attorney-General was defending the employees pursuant to Public Officers Law § 17, petitioner filed a request pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.)* which sought any documents that provide agency staff attorneys with final agency policy with regard to legal representation under Public Officers Law § 17. Petitioner's efforts to obtain the documents at the administrative level were unsuccessful and he commenced this CPLR article 78 proceeding. Supreme

Court annulled the administrative determination and directed respondents to produce the relevant documents.

On this appeal, respondents' only argument is that the requested documents are exempt from disclosure by reason of the attorney-client privilege *(see,* CPLR 4503 [a]). This argument is meritless. In contrast to *Rossi v Blue Cross & Blue Shield* (73 NY2d 588), upon which respondents rely, the documents at issue herein do not concern a particular lawsuit which is either pending or imminent. Rather, the documents contain the agency's final policy, which is to be applied to all litigation in general. Although the policy is to be implemented within the context of litigation, it was promulgated without regard to any particular or specific litigation and the policy exists regardless of whether there is any pending or imminent litigation. The purpose of the policy is not to facilitate the rendition of legal advice or services to any particular client, and it was neither drafted nor communicated in the context of an existing attorney-client relationship. In the absence of an attorney-client relationship, the privilege does not arise *(Matter of Priest v Hennessy,* 51 NY2d 62, 68).

Mercure, J. P., Cardona, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.