OPINION OF THE COURT
 

 Levine, J.
 

 Newsday, Inc. appeals from an order of the Appellate Division reversing Supreme Court and dismissing its petition, brought under the Freedom of Information Law (Public Officers Law, art 6, §§ 84-90 [FOIL]), against the Empire State Development Corporation (ESDC). Newsday sought to compel ESDC to release copies of subpoenas duces tecum in its possession, which had been served by the New York County . District Attorney’s office in the course of an investigation of ESDC. Supreme Court ruled that the subpoenas were not immune from disclosure, having been issued by the District Attorney’s office, an agency subject to FOIL. The Appellate Division, however, concluded that, because a “ ‘subpoena is nevertheless a mandate
 
 of
 
 the court issued
 
 for
 
 the court’ ” (283 AD2d 182, 183, quoting
 
 People v Natal,
 
 75 NY2d 379, 385,
 
 cert denied
 
 498 US 862 [1990]), it remains a judicial record which need not be disclosed because “the judiciary is exempt from the reach of FOIL.”
 
 (Id.)
 

 We disagree. ESDC is not part of the judiciary. It does not claim to have been acting on behalf of the judiciary within a judicial process. Nor does it contend that any of the statutory exemptions from access to records set forth in Public Officers Law § 87 (2) apply. Therefore, it is a governmental entity subject to FOIL and must disclose the subpoenas in its possession, irrespective of whether they are deemed to have been a mandate of a court and issued for a court.
 

 This conclusion is supported by the statutory structure of FOIL, the literal meaning of its pertinent provisions and by our controlling precedent. As we have repeatedly noted, FOIL’S
 
 *362
 
 declared purpose of ensuring open government
 
 (see
 
 Public Officers Law § 84) requires giving its disclosure provisions an expansive interpretation
 
 (see Matter of Gould v New York City Police Dept.,
 
 89 NY2d 267, 274 [1996];
 
 Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y.,
 
 87 NY2d 410, 416-417 [1995]). The legislative purpose is mainly accomplished through the definitions of “Agency” and “Record.” An agency comprehensively includes “any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation * * * or other governmental entity performing a governmental or proprietary function for the state or [a local government]” (Public Officers Law § 86 [3]). The judiciary and the State Legislature are expressly excluded from the agency definition, however
 
 (id.).
 
 Similarly, “Record” is broadly defined to include “any information kept, held, filed, produced or reproduced by, with or for an agency * * * in any physical form whatsoever” (Public Officers Law § 86 [4]).
 

 As a corollary to the legislative policy favoring full access to governmental records, we have interpreted the statutory exemptions set forth in section 87 (2) of FOIL narrowly, imposing the burden upon the public agency to demonstrate that “the material requested falls squarely within the ambit of one of these statutory exemptions”
 
 (Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571 [1979];
 
 see Matter of Gould,
 
 89 NY2d at 275).
 

 Disclosure of the subpoenas by ESDC is not only consistent with the legislative purpose of FOIL, but also required under a literal reading of the statutory definitions of agency and record. ESDC, a state public corporation, is undeniably an agency under FOIL. It presently has physical possession of the subpoenas. Thus, in the hands of ESDC, the subpoenas constitute agency records: “information kept [or] held * * * by * * * an agency [i.e., ESDC] * * * in any physical form whatsoever” (Public Officers Law § 86 [4]).
 

 Therefore, under our FOIL jurisprudence, ESDC must release copies of the subpoenas to the Newsday reporter who requested them, unless ESDC demonstrates that they fall within a statutory exemption. ESDC has failed to do so. Even though the subpoenas may well have been issued for and constitute a mandate of a court, there is no statutory “court record” exemption, as such.
 

 To be sure, had the subpoenas remained in the exclusive possession of the court on whose behalf they were issued, they
 
 *363
 
 would have been immune from compulsory disclosure under FOIL. That, however, would not have been due to the fact that it was the court that produced them, but because the judiciary is expressly excluded from agency status under FOIL. Therefore, no “information * * * in any physical form” held or kept by a court as such is subject at all to FOIL, any more so than would records held or kept by a private person or any nongovernmental entity. The immunity of the subpoenas from FOIL when once possessed by a court, however, does not run with those records. When they were served upon ESDC, a FOIL-defined agency, they were fully subject to FOIL disclosure in the absence of any showing by ESDC that some statutory exemption applies.
 
 [1]
 

 Our conclusion is fortified by the holding in
 
 Matter of Capital Newspapers v Whalen
 
 (69 NY2d 246 [1987]), which is on point. In that case, the newspaper sought release under FOIL of the “Corning Papers” — the 900,000 pages of memoranda and correspondence accumulated by the late Erastus Corning, II, during his 42-year tenure as Mayor of the City of Albany — which were kept at City Hall pending completion of indexing, cataloging and sorting. The papers included letters and documents produced or kept by Corning which were either purely personal in nature, or related solely to his position as Chair of the Albany County Democratic Committee. As to such papers, the Appellate Division ruled, and the City of Albany urged before this Court, that, because Corning in either his personal or political capacity was not covered by the FOIL definition of an agency, papers “kept, held [or] produced” by him in those capacities were not agency records, and did not become such records merely by the happenstance that they came into the possession of the City upon Coming’s death, and were still stored at City Hall when the FOIL request was made
 
 (see
 
 113 AD2d 217, 222-224 [1985]).
 
 [2]
 
 Similarly here, ESDC contends, and the Appellate Division agreed, that because the subpoenas were initially “produced” by the judiciary (i.e., issued as a court mandate), they were not FOIL agency records, but court
 
 *364
 
 records, and remained in that status even when they came into the hands of ESDC.
 

 This Court rejected that basic argument in
 
 Matter of Capital Newspapers v
 
 Whalen:
 

 “Respondents argue that the Corning papers are not ‘record [s]’ because the papers were kept by ex-Mayor Corning in his individual capacity, not as an officeholder, and, therefore, an ‘agency’ did not keep or hold the documents. Petitioner did not, however, request disclosure of the Corning papers while they were being ‘kept [or] held’ by Corning. Rather, disclosure is sought from the City of Albany, which now has custody of the papers and is storing them. Therefore, the only questions properly before us are whether the City of Albany is an ‘agency’ and whether the Corning papers are ‘record [s]’ for purposes of FOIL” (69 NY2d at 251 n 4).
 

 The Court in
 
 Whalen
 
 found no reason to depart from the literal meaning of the statutory language. “Unquestionably the Corning papers constitute ‘information * * * in [some] physical form’ stored, ‘kept [or] held’ by the city, a ‘governmental entity’ and, as such, an ‘agency’ for purposes of FOIL”
 
 (id.
 
 at 251).
 

 So, too, here, ESDC has not advanced any persuasive reason for us to depart from application of the literal language of the statute. As was the City of Albany in
 
 Whalen,
 
 ESDC is “[unquestionably” an agency under FOIL, and it presently holds subpoenas constituting “ ‘information * * * in [some] physical form’”
 
 (id.).
 
 Consequently, as in
 
 Whalen,
 
 those records must also be released to the newspaper requesting them under FOIL.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court reinstated.
 

 Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed, etc.
 

 [1]
 

 . ESDC has not claimed that it operates as or holds the subpoenas in the capacity of an arm of the judiciary or on its behalf within some judicial process
 
 (compare Matter of Pasik v State Bd. of Law Examiners, 102
 
 AD2d 395, 400 [1984]), nor that a statutory exemption to these grand jury subpoenas applies (see
 
 e.g.,
 
 Public Officers Law § 87 [2] [a], [e], [f]). Thus, we are not called upon here to address the application of any such potential exclusion or exemption.
 

 [2]
 

 . Candor requires disclosure that this writer was the author of the Appellate Division opinion in
 
 Whalen.