[967 NE2d 652, 944 NYS2d 429]

In the Matter of TOWN OF WATERFORD, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.

Argued February 14, 2012; decided March 22, 2012

653

**POINTS OF COUNSEL**

*Dreyer Boyajian LLP*, Albany (*Craig M. Crist* and *Benjamin W. Hill* of counsel), for appellant. The Third Department erred in expanding the scope of the Freedom of Information Law's

inter-agency/intra-agency exemption to include, for the first time, communications between federal and state agencies. (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Price v Price*, 69 NY2d 8; *Matter of Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563.)

*Eric T. Schneiderman, Attorney General*, Albany (*Paul Groenwegen, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondent. I. The records withheld by the Department of Environmental Conservation are deliberative materials subject to the exemption for "inter-agency or intra-agency materials" under Public Officers Law § 87 (2) (g). (*Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131; *Matter of McAulay v Board of Educ. of City of N.Y.*, 61 AD2d 1048, 48 NY2d 659; *Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198; *Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477.) II. The undefined statutory term "inter-agency or intra-agency materials" does not incorporate the definition of "agency" in Public Officers Law § 86 (3). (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488; *Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359; *Matter of Justice v King*, 60 AD3d 1452; *Matter of Belmonte v Snashall*, 2 NY3d 560; *Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546; *Matter of 124 Ferry St. Realty Corp. v Hennessy*, 82 AD2d 981; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131.) III. The federal case law cited by the Town of Waterford does not preclude application of the exemption in this case. (*Department of Interior v Klamath Water Users Protective Assn.*, 532 US 1; *Matter of John P. v Whalen*, 54 NY2d 89; *Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Ryan v Department of Justice*, 617 F2d 781; *Wu v National Endowment for Humanities*, 460 F2d 1030; *Soucie v David*, 448 F2d 1067; *Matter of Sea Crest Constr. Corp. v Stubing*, 82 AD2d 546; *Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

Petitioner Town of Waterford commenced this proceeding to challenge the Department of Environmental Conservation's (DEC's) denial of portions of its request for information under the Freedom of Information Law (FOIL). Specifically, the Town—a municipality that obtains its drinking water from the Hudson River—sought information relating to the Hudson River dredging project and the availability of alternative water supplies for local residents. The DEC denied access to certain records exchanged with the United States Environmental Protection Agency (EPA) by invoking the FOIL exemption for inter-agency or intra-agency materials (*see* Public Officers Law § 87 [2] [g]). We agree with the Town that this exemption is not applicable under the circumstances presented and therefore modify the determinations below.

In 1984, the EPA placed a 200-mile portion of the Hudson River, ranging from Hudson Falls south to Manhattan, on the National Priorities List due to the presence of polychlorinated biphenyls (PCBs). Since that time, the EPA, the DEC and the New York State Department of Health (DOH) have been engaged in a joint endeavor to address the hazards presented by the contamination. The EPA and DEC each have statutory responsibility for the site and they have addressed their enforcement efforts through a series of cooperative agreements. EPA functions as the lead agency for the remediation efforts. In addition, the DOH shares responsibility for the integrity of the water supply and the possible adverse effects on human health.

EPA approved a remediation plan in 2002 that required dredging the river to remove PCB-contaminated sediment. EPA and General Electric (GE) entered into a consent decree, under which GE agreed to perform the remedial action. In addition, EPA directed GE to prepare a "Water Supply Options Analysis" to address the potential contingency measures available to the Towns of Waterford and Halfmoon for the protection of their drinking water during the first phase of the dredging project, should the PCB levels in the water exceed the applicable limits.

Shortly after the options analysis was released, the Town made a FOIL request seeking certain records from the DEC. In particular, the Town sought (1) documents relating to the possible provision of alternative water supplies during the dredging project; (2) materials exchanged between the DEC, DOH and EPA concerning permissible PCB levels in a water supply; (3)

documents relating to any modification, by DEC or any other state agency, to any applicable regulation governing the acceptable level of PCB exposure; and (4) materials received or submitted by DEC in response to GE's "Water Supply Options Analysis."

In response, the DEC provided a number of documents but withheld access to others, maintaining that they were exempt from disclosure under FOIL. Upon administrative appeal, the DEC released two additional records and determined that the remaining documents were properly withheld as inter-agency or intra-agency deliberative materials (see Public Officers Law § 87 [2] [g]) and that some of the records were also exempt from disclosure under state or federal law (see Public Officers Law § 87 [2] [a]).

The Town then commenced this CPLR article 78 proceeding, challenging the decision to withhold the remaining 344 records. Supreme Court concluded that the EPA was not an "agency" within the meaning of the Public Officers Law and directed the disclosure of several additional records that it found were not protected by Public Officers Law § 87 (2) (g).

The Appellate Division modified, finding that under the circumstances presented, including the legislative purpose of the FOIL exemption and the long-term collaborative relationship between the EPA and the state agencies on this project, communications between the federal and state agencies could be considered deliberative material subject to exemption as "intra-agency or inter-agency" materials (77 AD3d 224, 232-233 [3d Dept 2010]). The Court therefore remitted to Supreme Court for in camera review to determine whether the documents were exempt from disclosure under Public Officers Law § 87 (2) (g). Two Justices dissented in relevant part and, noting the public policy in favor of disclosure, would have found that the inter-agency or intra-agency exemption should not be expanded to include materials exchanged with the federal agency about the dredging project. On remittal, Supreme Court reviewed the pertinent records and concluded that they qualified as inter-agency or intra-agency deliberative material and were properly withheld. The Town now appeals pursuant to CPLR 5601 (d) and (a) from the Supreme Court judgment, bringing up for review the prior Appellate Division order.

"It is settled that FOIL is based on the overriding policy consideration that 'the public is vested with an inherent right

to know and that official secrecy is anathematic to our form of government' " (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987] [citation omitted]). As a result, we have required that FOIL "be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government" (*Capital Newspapers*, 69 NY2d at 252). It is the agency's burden to establish "that 'the material requested falls squarely within the ambit of one of these statutory exemptions' " (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359, 362 [2002], quoting *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]).

At issue here is whether communications with the EPA, a federal agency, are within the statutory exemption for predecisional inter-agency or intra-agency materials (*see* Public Officers Law § 87 [2] [g]). Although the phrases "inter-agency" and "intra-agency" are not specifically defined in the statute, the Legislature did provide a definition for the term "agency." For purposes of FOIL, " '[a]gency' means any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature" (Public Officers Law § 86 [3]).

By its plain terms, the statutory definition does not include federal agencies. Rather, the definition of "agency" is limited to state and municipal entities. DEC's argument that the definition of "agency" should not be applied to the distinct phrases "inter-agency" and "intra-agency" is meritless, as there is nothing particular to either the context or usage of those phrases that would indicate a legislative intent to treat the term "agency," as used in that section, separately from the rest of FOIL. Although the EPA would be an agency within the definition of that term as it is commonly understood, that fact is of no assistance to respondent when the term is clearly defined in the statute. Since the EPA is not an "agency" for purposes of FOIL, the inter-agency exemption does not apply to materials exchanged between these entities. To the extent that there is resonance to the argument that the exemption should apply in order to protect the pre-decisional joint deliberative process, that issue must be addressed to the Legislature.

DEC maintains that this Court has recognized that, in some situations, documents prepared by a party that is not an

"agency" can be withheld under the intra-agency exemption. We have held that the purpose of the intra-agency exception is to allow individuals within an agency to exchange their views freely, as part of the deliberative process, without the concern that those ideas will become public (*see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 488 [2005]; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132 [1985]). In *Xerox*, we determined that real estate appraisal reports prepared by a private consulting firm at the agency's request were exempt from disclosure as intra-agency material (*see* 65 NY2d at 133). We observed that "[i]t would make little sense to protect the deliberative process when such reports are prepared by agency employees yet deny this protection when reports are prepared for the same purpose by outside consultants retained by agencies" (*Xerox*, 65 NY2d at 133). Addressing a similar issue under the exemption for intra-agency materials in the federal Freedom of Information Act (5 USC § 552), the United States Supreme Court has observed that "the fact about the consultant that is constant in the typical cases is that the consultant does not represent an interest of its own, or the interest of any other client, when it advises the agency that hires it" (*Department of Interior v Klamath Water Users Protective Assn.*, 532 US 1, 10-11 [2001]).

■ We reject respondent's argument that the EPA is the equivalent of an outside consultant under the present circumstances.* Here, EPA and DEC have a collaborative relationship and are presumably working together toward the same ameliorative goal. However, EPA was not retained by the DEC and does not function as its employee or agent. To the contrary, EPA is actually the lead agency for the dredging project. Moreover, unlike typical consultants, these agencies represent different constituencies and their interests may diverge. We note that this interpretation is consistent with that of the Committee on Open Government, which has determined both that the EPA cannot be characterized as a consultant "retained" by DEC (*see* Comm on Open Govt FOIL-AO-11985 [2000]) and that the definition of "agency" does not include federal agencies (*see* Comm on Open Govt FOIL-AO-12034 [2000]).

In conclusion, DEC has failed to meet its burden of showing that the requested material is covered by the statutory exemption.

---

* This is not to say that a federal agency could never be deemed the equivalent of an outside consultant.

Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be modified, with costs to petitioner, in accordance with this opinion and, as so modified, affirmed.

Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur; Judge READ taking no part.

Judgment appealed from and order of the Appellate Division brought up for review modified, etc.