# State of New York Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 91
In the Matter of Appellate
Advocates,
     Appellant,
   v.
New York State Department of
Corrections and Community
Supervision,
     Respondent.

Ron Lazebnik, for appellant.
Frank Brady, for respondent.
New York Coalition for Open Government, Inc., Parole Preparation Project et al., amici curiae.

RIVERA, J.:

On this appeal we must determine whether the Department of Corrections and Community Supervision (DOCCS) properly withheld 11 documents prepared by counsel for the Board of Parole as privileged communications exempt from Freedom of Information Law (FOIL) disclosure. Counsel prepared the documents to train and advise Board of Parole commissioners on how to comply with their legal duties and obligations.

- 1 -

The documents reflect counsel's legal analysis of statutory, regulatory and decisional law and they therefore constitute attorney-client communications that were prepared "for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship," specifically, to provide guidance on matters relevant to the Commissioners' exercise of their discretionary authority (*Rossi v Blue Cross & Blue Shield of Greater NY*, 73 NY2d 588, 593 [1989]). Accordingly, DOCCS properly invoked the statutory FOIL exemption for privileged matters (*see* Public Officers Law § 87 [2] [a]; CPLR 4503 [a]).

* * *

Petitioner Appellate Advocates filed a FOIL request with respondent DOCCS for various materials related to the Board of Parole's decision-making process. DOCCS disclosed thousands of pages of material but withheld several documents, asserting, as relevant to this appeal, that they are privileged attorney-client communications. The determination was confirmed on administrative appeal. Appellate Advocates then commenced this Article 78 proceeding to obtain the withheld documents. During the pendency of this action, the parties entered a settlement pursuant to which DOCCS disclosed approximately 400 additional documents, leaving the 11 documents at issue in this appeal.

After an in-camera review, Supreme Court affirmed DOCCS' denial of disclosure and dismissed the petition. The Appellate Division affirmed in a 3-2 decision, concluding that the documents were protected by the attorney-client privilege (163 NYS3d 314, 318

[3d Dept 2022]). The appeal is before us based on the two-justice dissent (CPLR 5601 [a]). We now affirm.

Under New York State's FOIL, documents shall be disclosed, unless they fall within an enumerated statutory exemption (*see* Public Officers Law § 87 [2] [a]; *Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 18 NY3d 652, 657 [2012]). As the Court has explained, FOIL is "liberally construed and its exemptions narrowly interpreted" to achieve its legislative purpose of maximizing public access to government records (*Matter of Town of Waterford*, 18 NY3d at 657, quoting *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 252 [1987]; *see also Matter of Friedman v Rice*, 30 NY3d 461, 475 [2017]). We give an exemption its "natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Matter of Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 225 [2018] [internal quotation marks and citation omitted]). The Government bears the burden of establishing an exemption (*Matter of Town of Waterford*, 18 NY3d at 657).

DOCCS invoked section 87 (2) (a), which provides that an agency "may deny access to records or portions thereof, that [ ] are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). In turn, CPLR 4503(a) (1) codifies the common law attorney-client privilege and exempts from disclosure confidential attorney-client communications. "In order for the privilege to apply, the communication from attorney to client must be made 'for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship' " and

"[t]he communication itself must be primarily or predominantly of a legal character" (*Spectrum Sys. Intl. Corp. v Chem Bank*, 78 NY2d 371, 377-378 [1991], quoting *Rossi*, 73 NY2d at 593-594).

The privilege "fosters the open dialogue between lawyer and client that is deemed essential to effective representation" and extends to both communications from client to lawyer and, as here, lawyer to client (*id.* at 377). "Because the privilege shields from disclosure pertinent information and therefore 'constitutes an "obstacle" to the truth-finding process,' " it must be narrowly construed" (*Ambac Assur. Corp. v Countrywide Home Loans, Inc*., 27 NY3d 616, 624 [2016], quoting *Matter of Jacqueline F*., 47 NY2d 215, 219 [1979], citing *Spectrum*, 78 NY2d at 377). However, the fact "[t]hat nonprivileged information is included in an otherwise privileged lawyer's communication to its client . . . does not destroy the immunity" (*Spectrum*, 78 NY2d at 378). In determining whether the privilege attaches, "[t]he critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client" (*id.* at 379).

DOCCS submitted an affirmation in support of its invocation of the privilege from counsel to the Board who asserted that counsel prepared the documents as legal advice. It is clear from the documents' content and the context in which they were prepared and presented—i.e. for training and advising commissioners on how to dispatch their duties and obligations in deciding parole applications—that these documents are privileged communications from counsel to client. The documents contain counsel's advice regarding compliance with legal requirements concerning parole interviews and parole

determinations, including as applied to persons designated as minor offenders. The documents summarize recent court decisions and advise on how to apply statutes, regulations, and case law to parole determinations. The documents also include guidance on drafting parole decisions that accord with the law. In sum, the documents reflect counsel's legal analysis of statutory, regulatory and decisional law, and provide guidance for the commissioners on how to exercise their discretionary authority (*Rossi*, 73 NY2d at 593). Therefore, the documents are privileged and fall squarely within the exemption under Section 87 (2) (a).

We are unpersuaded by Appellate Advocates' myriad arguments that disclosure is required under FOIL. Appellate Advocates contends that the privilege applies only to communications responding to an existing "real world factual situation". However, this view of attorney-client privilege undermines its purpose of fostering candid communication between lawyer and client (*see Spectrum*, 78 NY2d at 378-379; *Rossi*, 73 NY2d at 591-592). We have never endorsed petitioner's position that the privilege protects only those communications made in anticipation of litigation or an exchange of confidential information during a pending action. The reason is obvious given the advisory role served by an attorney. Counsel often provides legal advice to assist the client in deciding how best to order their affairs in compliance with legal mandates, including what action, if any, to take in order to avoid litigation. Encouraging proactive compliance with the law has patent benefits.

Nor is Appellate Advocates correct that the privilege is limited to communications by counsel triggered by a client's disclosure of confidential information or a direct request

for advice. The privilege attaches so long as the communication is "made for the purpose of facilitating the rendition of legal advice or services in the course of a professional relationship" (*Rossi*, 73 NY2d at 593). It is in furtherance of that professional relationship that counsel may bring to the client's attention legal matters concerning statutory, regulatory and decisional law, without the client initiating contact or positing a specific question. In so doing, counsel relies on their professional judgment, experience, skill, and knowledge of the law to assess the client's potential needs and possible risk exposure. This is the type of legal assistance and evaluation that a client may consider when ordering their affairs.

To the extent Appellate Advocates claims that documents identified by DOCCS as Commissioner training materials are categorically not exempt from disclosure, its position is similarly based on a misunderstanding of the privilege and its purpose, and we reject this proposed per se rule. Indeed, federal courts have held that training materials are privileged when the materials convey confidential legal advice (*see Valassis Communications, Inc. v News Corp.*, 2018 WL 4489285, at *1 [SDNY Sept. 19, 2018, No. 17-CV-7378]; *In re Currency Conversion Antitrust Litigation*, 2010 WL 4365548, at *1 [SDNY Nov. 3, 2010, No. 05 CIV. 7116 WHP THK];; *Friedman v Bloomberg LP*, 2019 WL 9089585, at *1 [D Conn Jan. 14, 2019, No. 3:15CV00443 (AWT)]; *McKnight v Honeywell Safety Prod., USA*, 2017 WL 721988, at *1 [DRI Feb. 23, 2017, No. CV 16-132 ML]).

Counsel is free to determine the best method to communicate legal advice to the client. Here, the documents were prepared for and used during Board of Parole training and so are privileged as they provide Commissioners with counsel's legal analysis and

advice on the statutory, regulatory, and decisional law that Commissioners should consider during their decision-making process. Counsel must first interpret a statutory provision, regulation or judicial decision and then determine what if any legal application it has to the client. The lawyer's communication of that analysis and advice is privileged regardless of whether counsel communicates its view to the client in a slide show, as opposed to in a letter or memorandum. Nor does it matter that this analysis and advice is communicated during a training session. What matters is that the information is advice on the law pertaining to the commissioners' decisions on whether to grant parole.*

Lastly, Appellate Advocates' argument that the public policy in favor of transparency in parole board determinations trumps attorney-client privilege misses the mark. FOIL reflects the state's policy in favor of government transparency and public access to government records (*see* Public Officers Law § 84). But the attorney-client privilege exemption also reflects the state's policy to protect attorney-client communications to foster candid discussion between lawyer and client. This policy is important in the public setting, where society at large benefits immensely from the free and candid communication between government lawyers and government actors. The public is

---

* Contrary to Appellate Advocates' assertion, the documents are not a formal pronouncement of agency policy. Supreme Court did not make any factual finding that these documents constituted DOCCS' binding policy, and the record does not establish that the documents are anything other than legal advice that could be accepted or rejected by the Commissioners (*cf. Charles v Abrams*, 199 AD2d 652, 653 [3d Dept 1993] [attorney-drafted internal agency policy not protected by attorney-client privilege because, in part, "the documents contain the agency's final policy, which is to be applied to all litigation in general"]). Therefore, even assuming there is a final policy exception, it would not apply here.

well served when counsel advises government clients on how to lawfully fulfill their public duties.

In sum, DOCCS properly withheld the 11 remaining documents as privileged communications because they are exempted from FOIL disclosure pursuant to section § 87 (2) (a). Accordingly, the order of the Appellate Division should be affirmed, with costs.

Order affirmed, with costs. Opinion by Judge Rivera. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided December 19, 2023