## Gannett Satellite Info. Network, LLC v New York State Off. of Ct. Admin.

2024 NY Slip Op 33544(U)

October 7, 2024

Supreme Court, New York County

Docket Number: Index No. 153560/2023

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    <u>HON. KATHLEEN WATERMAN-MARSHALL</u> | **PART**                      **09M** |
| *Justice* | |

-------------------------------------------------------------------------------X

GANNETT SATELLITE INFORMATION NETWORK,
LLC,AS PUBLISHER OF THE JOURNAL NEWS,

Plaintiff,

- v -

NEW YORK STATE OFFICE OF COURT
ADMINISTRATION, BRIELLE CHRISTIAN, NANCY J.
BARRY

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | <u>153560/2023</u> |
| **MOTION DATE** | <u>04/18/2023</u> |
| **MOTION SEQ. NO.** | <u>001</u> |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for            <u>ARTICLE 78 (BODY OR OFFICER)</u> .

Petitioner, as publisher of a newspaper in Westchester and Rockland counties, seeks an order compelling Respondents to produce all responsive records to Petitioner's Freedom of Information Law ("FOIL") request for: "all questions submitted by any judge to the Bail Reform Task Force regarding any aspect of bail reform or the state's bail laws" and "all answers provided in response" (NYSCEF Doc. Nos. 6 and 18).

Respondents oppose, arguing that denial of Petitioner's request was proper because it sought privileged documents statutorily exempted from FOIL. Respondents further oppose on the basis that Petitioner incorrectly assumed that the responsive documents were authored by Respondents and directed Judges to apply statutory law in a certain manner. Respondents contend that this assumption is both factually incorrect and legally impossible.

## Brief Background

### *Bail Reform*
In 2019 the New York State Legislature passed a bail reform act which significantly altered the State's cash bail laws, with the stated goal of reducing the number of low-income individuals being held unnecessarily in pretrial confinement. Amendments to the 2019 bail reform act were passed in 2020, and additional amendments were sought as part of the Governor's proposed 2024 State budget.

As relevant to this Article 78 proceeding, a subcommittee of the Unified Court System's Criminal Justice Legislation Questions Work Group, entitled "bail reform task force" ("Task Force"), was created. The Task Force comprised jurists, court-attorney referees, and counsel to the Chief

**153560/2023   GANNETT SATELLITE INFORMATION NETWORK, LLC, AS PUBLISHER OF THE
JOURNAL NEWS vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION ET AL
Motion No.  001**

**Page 1 of 6**

1 of 6

[* 1]

Judge of the Court of Appeals. Its purpose was to receive and respond to other jurists' questions regarding the bail reform act and amendments.

Throughout 2021, 2022, and 2023, news articles were published criticizing the bail reform laws by various news organizations, including Petitioner and its reporter who submitted the instant FOIL request.[1] In 2023, Petitioner published a news article "NY judges may rely on state guidance to interpret bail reform. That guidance isn't public.", in which retired Town and Village jurists were interviewed and stated their belief that: OCA guidance was authoritative; OCA memoranda was never ignored; and a list of bail eligible offenses provided by OCA was regularly referenced. The article was generally critical of the bail reform law as unduly restricting judicial discretion.

*Petitioner's Foil Request & Administrative Appeal*

Petitioner, via its reporter Stockler, emailed OCA's Director of Public Information, Mr. Chalfen, seeking, *inter alia*, a list of all jurists who had received training on bail reform. The following day, Mr. Chalfen responded, *inter alia*, that every jurist in the State had received training and detailed the various training programs, including that the Task Force had answered hundreds of questions submitted by jurists regarding bail reform. Upon receiving Mr. Chalfen's email, Petitioner filed a FOIL request with Respondent OCA seeking: (1) all questions submitted by any judge to the Bail Reform Task Force regarding any aspect of bail reform or the state's bail laws; and (2) all answers provided in response (NYSCEF Doc. Nos. 6 and 18).

OCA denied Petitioner's FOIL request, stating:

> Please be advised that judicial training materials fall within the intra/inter agency exemption (Public Officers Law § 87(2)(g)). The training materials are utilized within the Unified Court System only, by an account and password for personnel. They generally consist of materials drafted by Judges, legal staff of Judges, agencies, institutions, and private organizations and fall within the intra/inter agency exemption to FOIL, where they consist of subjective materials, research, opinions, advice, and analysis of the personnel, staff, agencies, institutions, and private organizations presented for discussion purposes. The discussion materials do not reflect final policy decisions, nor constitute final instructions to staff. Rather they reflect the subjective views, analysis, research, opinions, and recommendations of the author/presenter, to assist in a discussion and deliberation of the topics.

> To the extent the materials also may provide insight into the deliberative and analytical processes of the Judges, the materials would be privileged. See § 87(2)(a); CPLR § 3101(b).

---

[1] *See e.g.* Asher Stockler, *Amid pandemic spike in shootings, Rockland lawmaker moves to scale back New York bail law*, The Journal News, Aug. 18, 2021; Asher Stockler, Edwardo Cuevas, and Kayla Canne, *As bail reform roils NY races, what do we know about how it's working? Here's what the data says*, The Journal News, Nov. 7, 2022; Asher Stockler, *Hochul aims to tweak bail reform (again) and hire police officers. What's her crime agenda?* Democrat and Chronicle, Jan. 11, 2023; Asher Stockler, *Hochul looks to tweak NY bail laws, again. Is bail reforming working as intended?* Democrat and Chronicle, March 30, 2023.

**153560/2023   GANNETT SATELLITE INFORMATION NETWORK, LLC, AS PUBLISHER OF THE    Page 2 of 6
JOURNAL NEWS vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION ET AL
Motion No.  001**

2 of 6

> Similarly, they may reflect protecting privileged communications or work product of attorneys and would be exempt under Public Officers Law § 87(2)(a); CPLR § 3101(b), (c); CPLR § 4503.

(NYSCEF Doc. No. 19).

Petitioner administratively appealed the denial of its FOIL request, contending that the denial conflicted with *New York Civil Liberties Union v New York State Office of Court Administration* (NYSCEF Doc. No. 20 [no citation provided]). Respondent Nancy J. Barry, Esq., as FOIL Appeals Officer, denied the administrative appeal finding, in part, that:

> As stated in OCA's December 2 determination of the FOIL request, inter-agency or intra-agency records which are *not* statistical or factual tabulations or data; instructions to staff that affect the public; final agency policy or determinations; or external audits, are exempt from disclosure under FOIL. *See* POL § 87(2)(g).

> The records responsive to your request (questions and answers concerning bail issues) are not tabulations of data, audits, final agency policy, or instructions to staff. Any responsive records are intra-agency communications between employees of UCS and are the subjective opinions and interpretations solely of the authors thereof. Under no circumstances do the answers to questions constitute UCS or OCA policy or instructions to staff. Even assuming, for the sake of argument, that a UCS judge relies on the opinions and interpretations made therein, such reliance is at the discretion of the judge, who cannot be directed to rule in a specific manner.

(NYSCEF Doc. No. 21).

Petitioner now brings the instant Article 78 proceeding, seeking to vacate, overrule, and prohibit enforcement of Respondent's denial of Petitioner's FOIL request, as well as direct Respondents to provide Petitioner with all responsive documents.

## Applicable Law

"FOIL imposes a broad duty on government to make its records available to the public," and "access to government records does not depend on the purpose for which the records are sought" (*Gould v New York City Police Dept.*, 89 NY2d 267 [1996]). Consequently, records are presumed available to inspection and replication except for those narrow exceptions contemplated by Public Officers Law § 87(2) (*id.*; *Matter of Fink v. Lefkowitz*, 47 NY2d 567 [1979]).

Public Officers Law (POL) § 87(2) provides, in relevant part:

> Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except those records or portions thereof that may be withheld pursuant to the exceptions of rights of access appearing in this subdivision.

> [...]

**153560/2023   GANNETT SATELLITE INFORMATION NETWORK, LLC, AS PUBLISHER OF THE JOURNAL NEWS vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION ET AL Motion No. 001**

**Page 3 of 6**

3 of 6

> Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that:
>
> (a) are specifically exempted from disclosure by state of federal statute;
>
> (g) are inter-agency or intra-agency materials which are not:
>   i. statistical or factual tabulations or data;
>   ii. instructions to staff that affect the public;
>   iii. final agency policy or determinations;
>   iv. external audits, including but not limited to audits performed by the comptroller and the federal government.

Where the government has denied a FOIL request, it bears the burden of proving the record falls into an enumerated exemption to disclosure and it must articulate its "particularized and specific justification" for doing so (*Matter of Fink v Lefkowitz*, 47 NY2d at 571; *see also Gould v New York City Police Dept.*, 89 NY2d at 275; Public Officers Law § 89[4][b]). "In an article 78 proceeding, Judicial review of an agency's determination of a FOIL request is limited to whether it was affected by an error of law" (*Matter of Jewish Press, Inc. v New York City Police Dept.*, 190 AD3d 490 [1st Dept 2021] *lv. denied* 37 NY3d 906 [2021] [citation omitted]).

## Discussion

Petitioner's FOIL appeal, and the instant Article 78 proceeding, is premised upon a trial court's finding in *Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin.* that "records and materials and materials in which the Office of Court Administration advises judges how to interpret, analyze, and apply court decision, statutes, or regulations" must be disclosed pursuant to FOIL (76 Misc.3d 1224[A] [2022 NY Sup. Ct. Frank, J.]). Thus, in appealing Respondents' initial denial of its FOIL request, Petitioner argued, in relevant part:

> For the reasons outlined in *New York Civil Liberties Union v. New York State Office of Court Administration, Lawrence K. Marks* [2022], a case involving similar OCA memoranda, the justifications for nondisclosure provided below are erroneous.
>
> […]
>
> … because these documents are relied upon by judges to issue rulings, they are "final" agency policy affecting the public, mandating their disclosure.
>
> Judges and the Bail Reform Task Force do not have an attorney-client relationship. These communications do not reflect attorney-client work product (*id.*) Nor are they privileged attorney-client communications.

(NYSCEF Doc. No. 20).

However, Petitioner's reliance on the trial court's reasoning in *Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin.* for the proposition that FOIL mandates

**153560/2023   GANNETT SATELLITE INFORMATION NETWORK, LLC, AS PUBLISHER OF THE JOURNAL NEWS vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION ET AL Motion No. 001**

**Page 4 of 6**

4 of 6

disclosure of OCA records herein is misplaced, as that decision was reversed by Appellate Division, First Department (*Matter of New York Civ. Liberties Union v New York State Off. of Ct. Admin.*, 76 Misc3d 1224(A) *rev'd* 224 AD3d 458 [1st Dept 2024]). In upholding OCA's denial of a similar FOIL request in *Matter of New York Civ. Liberties Union*, the Appellate Division, First Department, citing long established Court of Appeals precedent, expressly and flatly rejected the Petitioner's argument that OCA instructs judges on the interpretation and application of substantive law (*id.* at 459 citing *People v. Knickerbocker Ice Co.*, 99 NY 181, 184 [1885] ["Petitioner's concern that respondent is privately instructing judges how to interpret and apply substantive law is unfounded, as the court is not bound by respondent's interpretations. It has always been the province of the court to declare what the law is"]). Thus, the Petition herein, which argues that disclosure of the Task Force responses is mandated because the responses amount to final binding policy determinations, must fail. Each jurist of this state retains inherent authority to interpret and apply the law. The statements of retired Town and Village jurists, as reported by Petitioner, that any agency instructs or dictates jurists on how to interpret and apply the law is simply incorrect, as a matter of law, and has been incorrect since at least 1885 (*People v. Knickerbocker. Ice Co*, 99 NY at 184 ["No doubt it is the province of the court to declare what the law is"]).

The Appellate Division, First Department's decision further rejected Petitioner's argument that the requested documents are not privileged. The Appellate Division, First Department held OCA records summarizing, interpreting, explaining, analyzing, or explaining any state or federal court decisions, statutes or regulations to jurists are exempt from disclosure pursuant to FOIL under both attorney-client privilege and attorney work product privilege (*id.*; *accord Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision*, 40 NY3d 547 [2023]).

To the extent that the aforementioned appellate authority does not address the denial of Petitioner's FOIL request on the grounds that the requested documents are exempted intra-agency communication, the Court finds Respondents denial was proper. "The interagency and intraagency exemption applies to records that are deliberative, i.e. communications exchanged for discussion purposes not constituting final police decisions" (*Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981 [3d Dept 2009] [internal citations omitted]). "The point of the intra-agency exception is to permit people within an agency to exchange opinions, advice and criticism freely and frankly without the chilling prospect of public disclosure" (*Matter of New York Times Co. v City of NY Fire Dept.*, 4 NY3d 477 [2005]). The records requested by Petitioner can only be classified as deliberative. In submitting inquiries to the Task Force, jurists across the state sought out the advice of their colleagues on the Task Force, which comprised other jurists, quasi-judicial special referees, and the counsel to the Chief Judge, who in responding to the inquiry exchanged their own opinions, advice, and criticism. Stated differently, the purpose of the Task Force was to provide the free exchange of opinions and advice among members of the judiciary. This is precisely the type of communication excluded from FOIL disclosure pursuant to the intra-agency exemption. Accordingly, Respondents properly denied Petitioner's request under the intra-agency exemption.

Finally, Petitioner's argument that Respondents' storage of the requested Task Force documents compels its disclosure, is without merit (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359, 363 [2002] [storage of material by agency does not transmute exempted or excluded documents into disclosable FOIL documents]).

**153560/2023   GANNETT SATELLITE INFORMATION NETWORK, LLC, AS PUBLISHER OF THE                    Page 5 of 6
JOURNAL NEWS vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION ET AL
Motion No.  001**

5 of 6

Consequently, Respondents' denial of Petitioner's FOIL request was not affected by an error of law and Respondent's determination should not be disturbed.[3]

Although not expressly sought in the Petition, the Court deems Petitioner's request for "such other and further relief as the Court deems just and proper" (NYSCEF Doc. No. 1) to be a request for attorney's fees. However, having denied Petitioner's application in its entirety, Petitioner has not "substantially prevailed" in this litigation as required for an award of attorney's fees (*Oustatcher v Clark*, 217 AD3d 478 [1st Dept 2023]).

Accordingly, it is

**ORDERED** that the Article 78 petition is denied and dismissed in its entirety; and it is further

**ORDERED** that the matter shall be marked disposed.

_____
**10/7/2024**
**DATE**

**KATHLEEN WATERMAN-MARSHALL, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

---

[3] The Court's review of Respondents' denial of Petitioner's FOIL request is limited to the exemption(s) invoked in denying the FOIL request, and the Court may not substitute a more adequate or proper basis for denial of the request (*Madeiros v New York State Educ. Dept.*, 30 NY3d 67, 74 [2017]). Thus, although Respondent's papers in opposition to the Article 78 petition may compellingly argue that the requested documents are not agency records subject to FOIL disclosure in the first instance, but rather are exempted court records having been authored by the judiciary, the Court does not address same (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359 [2002]; POL § 86[1]).

**153560/2023   GANNETT SATELLITE INFORMATION NETWORK, LLC, AS PUBLISHER OF THE**   Page 6 of 6
**JOURNAL NEWS vs. NEW YORK STATE OFFICE OF COURT ADMINISTRATION ET AL**
**Motion No.  001**

6 of 6

[* 6]